[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-13129

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DANIEL SOLANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cr-00293-SCJ-CCB-1

_____

Before ROSENBAUM, ABUDU, and BLACK, Circuit Judges.

PER CURIAM:

Daniel Solano appeals his sentence of 18 months' imprisonment after revocation of his second term of supervised release. He asserts his sentence was substantively unreasonable because his sentence was driven by conduct which did not occur in the community on supervision and the court did not weigh his mental illness as a mitigating factor. After review,[1] we affirm Solano's sentence.

A district court may revoke a defendant's supervised release and impose an imprisonment term after considering certain § 3553(a) factors. 18 U.S.C. § 3583(e). These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, the kinds of sentences and

---

[1] We review a district court's sentence imposed following a revocation of supervised release for reasonableness. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). When reviewing for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *United States v. Irey*, 612 F.3d 1160, 1189-90 (11th Cir. 2010) (*en banc*). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id*. at 1189 (quotation marks omitted).

sentencing ranges established under the applicable guidelines, the need to avoid unwarranted sentence disparities among similarly situated defendants, and policy statements issued by the Sentencing Commission.    18 U.S.C. § 3583(e)(3); *see also* 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).    The Sentencing Guidelines provide a sentence imposed upon revocation should sanction primarily the defendant's "breach of trust" for failing to abide by the conditions of the court ordered supervision, while also accounting for, "to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S.S.G. Ch. 7, Pt. A, intro. comment. 3(b).

The weight given to any particular "§ 3553(a) factor is a matter committed to the sound discretion of the district court," and it may give "great weight to one factor over others." *United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021) (quotation marks omitted); *see also United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006) (stating, in the supervised release context, that "the district court adequately considered the § 3553(a) factors in arriving at [the defendant's] sentence, including his criminal history and his threat to the public"). "A district court's failure to specifically mention certain mitigating factors does not compel the conclusion that the sentence crafted in accordance with the § 3553(a) factors was substantively unreasonable." *United States v. Al Jaberi*, 97 F.4th 1310, 1330 (11th Cir. 2024) (quotation marks and alteration omitted).

Solano's sentence is substantively reasonable. *See United States v. Woodson*, 30 F.4th 1295, 1308 (11th Cir. 2022) (explaining

we vacate a sentence as substantively unreasonable "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence . . . outside the range of reasonable sentences dictated by the facts of the case" (quotation marks omitted)).  Solano's arguments as to the substantive reasonableness of his sentence center around the court's failure to consider mitigating evidence of his mental health and the fact that some of his conduct took place while he was in custody.  However, the district court expressly acknowledged that it heard his arguments and viewed a video that depicted Solano's behavior in custody.  The district court determined any mitigating evidence was outweighed by Solano's conduct where he violated the terms of his supervised release just four months into his second term.  The court was permitted to consider this fact because it reflected Solano's "breach of trust" for failing to abide by his conditions of supervised release. *See* U.S.S.G. Ch. 7, Pt. A., intro. comment. 3(b).

In light of the court's explanation, its failure to specifically mention all of Solano's mitigating arguments, such as his mental health and that a violation of supervised release took place in custody, does not show that his sentence was substantively unreasonable. *See Al Jaberi*, 97 F.4th at 1330.  The district court was permitted to weigh the severity of Solano's conduct more heavily than his mitigating factors.  The district court was also permitted to consider the nature and circumstances of the supervised release violations, as well as the history and characteristics of Solano, in considering how quickly he violated his second term of supervised

24-13129              Opinion of the Court              5

release.  As Solano has not sustained his burden of showing that his sentence is unreasonable considering the record and the factors in § 3553(a), we affirm.[2]  *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010) (stating the party challenging the sentence bears the burden to show that it is unreasonable considering the record and the factors in 18 U.S.C. § 3553(a)).

**AFFIRMED.**

---

[2] Solano's argument framing his sentence in relation to Grade C violations is unavailing as he did not contest his violations of supervised release being Grade B before the district court or on appeal.  *See United States v. Smith*, 967 F.3d 1196, 1204 n.5 (11th Cir. 2020) (stating an appellant abandons a claim where he makes it only by passing reference or in a perfunctory manner without authority or argument in support).